UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KATHLEEN KISSINGER and
STEPHEN KISSINGER, individually and
as the parents and natural guardians of
J.K., an infant,

**INFANT COMPROMISE ORDER**

Plaintiffs,

-against-

Case No. 1:20-cv-01148-BKS-DJS

SUNBEAM PRODUCTS, INC., and
TARGET CORPORATION

Defendants.

---

Upon the reading and filing of affidavits of Stephen Kissinger and Kathleen Kissinger, the parents and natural guardians with legal custody of the infant plaintiff, J.K., and the affidavit of Matthew H. McNamara, Esq., as Plaintiffs' attorney, and the affidavit of Matt Carson, a structured settlement broker; and upon all the exhibits, papers, pleadings and proceedings heretofore had herein and/or attached hereto including but not limited to a Proposed Settlement Agreement and Release, Qualified Assignment, Release and Pledge Agreement, Annuity Contract, medical records, photographs and such other exhibits as are identified in the aforementioned affidavits; and

WHEREAS Plaintiffs seek judicial approval of a proposed settlement of this action, which includes resolution of claims on behalf of the infant plaintiff, for the sums set forth below and judicial approval of amounts to be paid as and for Plaintiffs' attorney's fees and disbursements; and

WHEREAS Plaintiffs and Defendant agreed upon the sum of ONE-HUNDRED TEN-THOUSAND AND 00/100 DOLLARS ($110,000.00) as to the total cost of the settlement herein; and

WHEREAS the total settlement cost is comprised of FORTY-THOUSAND AND 00/100 DOLLARS ($40,000.00), being paid in up-front money, plus SEVENTY-THOUSAND and 00/100 DOLLARS ($70,000.00), being used to fund Defendant's purchase of an annuity contract that will make future payments to the infant plaintiff; and

WHEREAS, through Defendant's purchase of an annuity contract, the infant plaintiff will receive guaranteed payouts totaling ONE-HUNDRED THREE-THOUSAND EIGHT-HUNDRED SEVENTY-SIX AND 59/100 ($103,876.59) consisting of the following guaranteed lump sums:

(a) $50,000.00 on October 19, 2037;

(b) $53,876.59 on November 19, 2037; and

WHEREAS the sum of ONE-HUNDRED THREE-THOUSAND EIGHT-HUNDRED SEVENTY-SIX AND 59/100 ($103,876.59) dollars of the above total future periodic payments are guaranteed payments (i.e., payments that are payable regardless of whether the infant plaintiff is alive); and

WHEREAS the infant plaintiff is now approximately 1 year and 9 months of age having been born on ▮▮▮▮▮▮▮▮ 2019; and

WHEREAS Defendant proposes to assign the liability to make the aforementioned payments to an "assignee" company which will purchase an annuity contract from the hereinafter described annuity issuer which is licensed to do business as a life insurance company in the State of New York and which is rated A++ or A+ by A.M. Best Company; and

WHEREAS said "assignee" company will have its obligation to make the future payments guaranteed by the hereinafter described "guarantor"; and

WHEREAS it is the intention of the parties hereto to comply with all of the requirements of Sections 104 and 130 of the Internal Revenue relating to a structured settlement; and

WHEREAS Plaintiffs have been advised to obtain independent professional advice relating to the legal, tax and financial implications of the settlement herein and has/have received all information as required by Section 5- 1702 of the General Obligations Law including the amounts and due dates of the periodic payments to be made, the amount of the premium payable to the annuity issuer; the nature and amount of any cost that may be deducted from any periodic payments, and the prohibitions against transfer of the periodic payments; and

WHEREAS Plaintiffs and their attorney having appeared before me, telephonically, on the 1st day of July, 2021, and the appearance of the infant plaintiff having been excused for good cause; and

WHEREAS the Court has had due deliberations on this application, and made a due and diligent inquiry into the circumstances underlying this action and the proposed settlement sufficient to determine that the best interests of the infant plaintiff will be served by approval of this proposed settlement;

NOW, on motion of Thorn Gershon Tymann and Bonanni., attorneys for Plaintiffs; it is hereby:

ORDERED that, conditioned upon compliance with the terms of this Order, Stephen Kissinger and Kathleen Kissinger be and hereby are authorized and empowered to settle this action, including the claims on behalf of the infant plaintiff, for the total settlement cost of ONE-HUNDRED TEN-THOUSAND AND 00/100 DOLLARS ($110,000.00), to be paid as set forth below, and to execute and deliver a settlement agreement and general release conditioned upon the payment of that sum as well as any and all other instruments necessary to effectuate the proposed

settlement; and Plaintiffs' attorneys are authorized and empowered to execute and deliver a stipulation of discontinuance as well as any and all other instruments necessary to effectuate the proposed settlement; and it is further

ORDERED that for the legal services rendered to the Plaintiffs and on behalf of the infant plaintiff by Thorn Gershon Tymann and Bonanni, LLP, and for the disbursements expended by said attorneys, they are hereby allowed and awarded the sum of THIRTY-SIX-THOUSAND NINE-HUNDRED TWENTY-SEVEN AND 30/100 DOLLARS ($36,927.30); and it is further

ORDERED that Defendant (and/or its insurer) shall pay the total settlement cost within thirty (30) days of the service of this signed order as follows:

(1) The sum of SEVENTY-THOUSAND AND 00/100 DOLLARS ($70,000.00) to the order of MetLife Assignment Company, Inc., to fund the purchase of a structured settlement annuity, which will make future payments to the infant plaintiff, J.K., as follows:

(a) A guaranteed payment of $50,000.00 on October 19, 2037,

(b) A guaranteed payment of $53,876.59 on November 19, 2037,

and that, because future payment amounts outlined hereinabove are guaranteed based upon a projected annuity purchase date of July 8, 2021, any delay in funding the annuity may result in a reasonable delay of the payment dates or reasonable change in payment amounts that shall be recorded in the Settlement Agreement and Release and the Qualified Assignment, Release and Pledge Agreement and Annuity Contract without the need of obtaining an amended Court Order/Infant Compromise Order, so long as the annuity is purchased and funded no later than 180 days after July 8, 2021; and

(2) The sum of THREE-THOUSAND SEVENTY-TWO AND 70/100 DOLLARS ($3,072.70) to the order of Plaintiffs, Stephen Kissinger and Kathleen Kissinger, in their individual capacities; and

(3) The sum of THIRTY-SIX-THOUSAND NINE-HUNDRED TWENTY-SEVEN AND 30/100 DOLLARS ($36,927.30) to the order of Thorn Gershon Tymann and Bonanni, LLP, and it is further

ORDERED that Defendant (the "Assignor") shall make a qualified assignment pursuant to Section 130 of the Internal Revenue Code to MetLife Assignment Company, Inc. (the "Assignee") of the Assignor's obligation to make the future payments to the infant plaintiff set forth above; and it is further

ORDERED that the aforesaid Assignee shall fund its obligation to make such periodic payments by the purchase of an annuity contract at a cost of SEVENTY-THOUSAND AND 00/100 DOLLARS ($70,000.00) from Metropolitan Tower Life Insurance Company (the "Annuity Issuer") which is licensed to do business as a life insurance company in the State of New York, and which is rated A+, XV by A.M. Best Company; and it is further

ORDERED that, in accordance with the terms of said assignment, the aforesaid Assignee shall be substituted as obligor of such future payments for the Assignor, which shall be released from any further obligation to make said periodic payments; and it is further

ORDERED that the obligations of the Assignee to make the future payments shall be guaranteed by Metropolitan Tower Life Insurance Company ("Guarantor"); and it is further

ORDERED that, absent a further order of this Court, none of the above-described obligors and guarantors, nor the infant, nor Plaintiffs, nor any payee may sell, assign, pledge, transfer or encumber the annuity benefits hereinabove described or take any other action to defeat or impair

the intent of this Court to provide to the infant plaintiff the payments set forth above; and it is further

ORDERED that Plaintiffs' attorneys shall serve upon Plaintiffs a copy of this executed order and all supporting papers, as well as a copy of the final and executed structure documents (including the annuity contract, the settlement agreement, the assignment agreement and the guarantee agreement) and counsel shall e-file a copy of all of the above with all confidential personal information redacted as required by applicable law, together with proof of service of same; and it is further

ORDERED that, in the event of the death of the infant plaintiff prior to the date of any guaranteed future payment, all sums shall be paid to the fiduciary of the estate of such infant plaintiff unless, upon reaching the age of eighteen (18), the infant plaintiff has changed his designated beneficiary, in which event said sums shall be paid to said designated beneficiary; and it is further

ORDERED that, upon full payment of the amounts set forth herein and execution of the settlement agreement and the assignment agreement, Defendant and its insurer shall have no further liability herein; and it is further

ORDERED, that the Assignee shall make the future payments to the infant without further order of this Court; and it is further

ORDERED that, if it appears that any government agency may attach a lien to the infant's payment, this Order may be amended to allow for the creation of a Supplemental Needs Trust for the sole benefits of the infant plaintiff and the Supplemental Needs Trust will be substituted as payee of the periodic payments; and it is further

ORDERED that, the filing of a bond be dispensed with in accordance with applicable provisions of the Civil Practice Law and Rules.

Signed at  Syracuse  , New York,

This   2nd   day of     July     , 2021.

                                                                HON. BRENDA K. SANNES